IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES M. BROADHEAD,** | : | |
| **Plaintiff,** | : | |
| vs. | : | CIVIL ACTION NO. 11-00167-CG-B |
| **JOEL BROADHEAD,** | : | |
| **Defendant.** | : | |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Orders dated April 7, 2011 and May 19, 2011 (Docs. 2,4), it is recommended that this action be dismissed without prejudice.

Plaintiff initiated this action on April 4, 2011 (Doc. 1) by filing a Complaint on a court-provided form. The space provided for Plaintiff to sign under penalty of perjury was left blank. Additionally, the Complaint was not accompanied with the statutory $350 filing fee nor a motion to proceed without prepayment of fees. Accordingly, the undersigned entered an Order directing the Clerk to return the Complaint to Plaintiff,

1

and directing Plaintiff to sign and return the Complaint by May 6, 2011, and to either pay the filing fee by that date, or in lieu thereof, to file a motion to proceed without prepayment of fees by May 6, 2011 (Doc. 2). Plaintiff was expressly cautioned that failure to comply with the Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order.

Plaintiff filed a motion to proceed without prepayment of fees (Doc. 3) on May 13, 2011; however, he neglected to sign and return the Complaint as directed. Plaintiff did not request additional time in which to submit execute and file the Complaint, nor did he offer any explanation for his failure to comply with the Court's directive. Accordingly, in an Order dated May 19, 2011 (Doc. 4), Plaintiff was directed to show cause, on or before June 10, 2011, why this action should not be dismissed for failure to prosecute, and for failure to obey an Order of the Court. Plaintiff was again cautioned that failure to comply with the Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order. (Id.) A review of the docket reflects that Plaintiff has not responded to the Court's May 19th Order, nor has his copy of the Order been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of

the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as it appears that Plaintiff has abandoned this action, and no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **23rd** day of **June, 2011**.

                                                **/s/SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **23rd** day of **June**, **2011**.

                                                  **/s/SONJA F. BIVINS**
                                                  **UNITED STATES MAGISTRATE JUDGE**